UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elvira Aguirre,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>Westrock Services, LLC et al.,<br><br>　　　　Defendants. | Case No. 2:21-cv-01285-VAP-JPRx<br><br>**Order DENYING Motion to Remand and GRANTING Motion to Dismiss (Dkts. 8, 12)** |

Before the Court is Plaintiff Elvira Aguirre's Motion to Remand (Dkt. 8), and Defendant Westrock Services, LLC's Motion to Dismiss (Dkt. 12). After considering all the papers filed in support of, and in opposition to, the Motions, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court DENIES Plaintiff's Motion to Remand, and GRANTS Defendant's Motion to Dismiss.

## I.   BACKGROUND

This case arises out of an alleged wrongful discharge of Plaintiff's husband, Salvador Aguirre ("Mr. Aguirre") from his employment with Defendant. As the spouse of Mr. Aguirre, Plaintiff claims that Defendant is liable for losses she suffered from her husband's alleged wrongful discharge and termination of medical benefits. (*See* Dkt. 1-2).

1    On May 20, 2019, Mr. Aguirre filed suit against Defendant in the
2  Superior Court for the County of Los Angeles for, *inter alia*, wrongful
3  discharge.  Defendant removed the case to this Court.  (*See* Case No. 2:19-
4  cv-07568-VAP-JPRx, Dkt. 1).  The Court remanded Mr. Aguirre's case to the
5  Los Angeles Superior Court for lack of jurisdiction on November 19, 2019.
6  (Dkt. 22).  Mr. Aguirre's case is still pending in state court.

8    On January 7, 2021, Plaintiff filed a lawsuit against Defendant in the
9  Superior Court for the County of Los Angeles for her alleged injuries in
10 connection with her husband's discharge.  Plaintiff alleges the following
11 claims: (1) Intentional Interference with Prospective Economic Advantage;
12 (2) Negligent Infliction of Emotional Distress; (3) Intentional Infliction of
13 Emotional Distress; (4) Loss of Consortium; (5)[1] Breach of Implied Covenant
14 of Good Faith and Fair Dealing; (6) Breach of Implied Contract; (7)[2]
15 Violation of California Business and Professions Code § 17200.

17   On February 11, 2021, Defendant removed Plaintiff's case on the basis
18 of diversity jurisdiction.  On February 16, 2021, Plaintiff filed a Motion to
19 Remand.  (Dkt. 8).  Before the Court could hear Plaintiff's Motion to
20 Remand, Defendant filed a Motion to Dismiss on February 18, 2021.  (Dkt.
21 12).  Both parties filed oppositions and reply briefs to each respective
22 Motion.  (Dkts. 18-22).

---

[1] The Complaint erroneously labels this as the Sixth Cause of Action.  (Dkt. 1-2, at 6).

[2] The Complaint erroneously labels this as the Sixth Cause of Action.  (Dkt. 1-2, at 8).

## II. LEGAL STANDARD

### A. Removal

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." (*Id.*). Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.     Motion to Dismiss Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2)).); *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the

speculative level." (*Id.*)  To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Ninth Circuit has clarified that: (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

**A. Removal**

The Court first addresses Plaintiff's Motion to Remand. Although unclear, Plaintiff appears to argue that removal was improper because Plaintiff's case is related to her husband's case in the Los Angeles Superior Court. (*See generally*, Dkt. 8). The Court disagrees.

Defendant based its removal on diversity jurisdiction. (Dkt. 1). As noted above, under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Plaintiff does not dispute that diversity jurisdiction exists in this matter, and Defendant has met its burden in showing that removal was proper. The Court accordingly DENIES Plaintiff's Motion to Remand.

**B. Failure to State a Claim**

In support of its Motion to Dismiss, Defendant argues that Plaintiff's claims fail for several reasons, including Plaintiff's lack of standing to assert the relief she seeks. (Dkt. 12). Plaintiff fails to address any of these arguments. (Dkt. 18). Indeed, although Plaintiff filed an Opposition to the Motion, it is devoid of substance. The Opposition is three pages long, consists of quotes from the Complaint, and conclusory statements such as

the "[m]oving party simply tries to argue that the allegations are not true. DUTY IS STATED." (Dkt. 18, at 3).

Plaintiff's failure to address meaningfully any of the contentions in Defendant's Motion is grounds for dismissal of the entire action. *Siqueiros v. Fannie Mae*, No. 13-01789-VAP (DTBx), 2014 U.S. Dist. LEXIS 195427, at *5-6 (C.D. Cal. Jan. 31, 2014) (citing *Silva v. U.S. Bancorp*, No. 5:10–cv–01854–JHN (PJWx), 2011 WL 7096576, *4 (C.D. Cal. Oct. 6, 2011) ("In addition, the Court finds that Plaintiff concedes [this] claim should be dismissed by failing to address Defendants' arguments in his Opposition."); *Tatum v. Schwartz*, No. S–06–01440 DFL EFB, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007) ("[Plaintiff] tacitly concedes this claim by failing to address defendants' argument in her opposition.")).

The Court therefore GRANTS Defendant's Motion to DISMISS WITH LEAVE TO AMEND.

/ / /
/ / /
/ / /

## IV. CONCLUSION

Plaintiff's Motion to Remand is DENIED and Defendant's Motion to Dismiss is GRANTED.  Plaintiff shall file an amended complaint on or before May 7, 2021.

**IT IS SO ORDERED.**

Dated: 4/22/21

*Virginia A. Phillips*
United States District Judge